UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KYLE DWAYNE MOSLEY,

      Movant,

                                File No. 1:12-CV-689

v.

                                HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

      Respondent.

_____/

## **O P I N I O N**

This matter is before the Court on Movant Kyle Dwayne Mosley's motion, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence. (Dkt. No. 1, Mot. Vacate.) For the reasons that follow, Movant's motion is denied.

## I.

The grand jury indicted Movant on two counts: (1) being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); and (2) possession of an unregistered firearm, in violation of 26 U.S.C. § 5861(d). (1:08-CR-9, Dkt. No. 1, Indictment.) Movant pleaded guilty to being a felon in possession of a firearm, and the government dropped the second count pursuant to an oral agreement. (1:08-CR-9, Dkt. No. 24, Plea Tr. 2.) On June 13, 2008, Movant was sentenced to 96 months imprisonment. (1:08-CR-9, Dkt. No. 20, J.) Movant appealed, and the Sixth Circuit remanded his case to this Court for resentencing. (1:08-CR-9, Dkt. No. 25, Slip Op.) The Sixth Circuit instructed this Court to determine whether Movant's previously committed felony was a crime of violence. *Id*. At resentencing, this Court found

that the felony was a crime of violence and reinstated Movant's sentence. (1:08-CR-9, Dkt. No. 39, Resent. Tr.) Movant appealed again, and his sentence was affirmed on March 29, 2011. (1:08-CR-9, Dkt. No. 40, Slip. Op. & J.) The present § 2255 motion was filed with the Court on June 29, 2012.

## II.

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail on a § 2255 motion "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). A petitioner can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotations omitted)).

## III.

Movant was assessed four offense level points for sentencing purposes as the result

of two juvenile offenses. (Presentence Rep. ¶¶ 31-32.) Counsel objected, arguing that the two offenses should be counted as a single sentence because it was unclear whether there was an intervening arrest. (1:08-CR-9, Dkt. No. 23, Sent. Tr. 13-15.) Only two points would be assessed for a single sentence, and Counsel argued that assessing only two points for Movant's juvenile offenses would be more consistent with sentencing guideline policy. (*Id.*) This Court denied Counsel's objection and found that an intervening arrest had occurred. (*Id.* at 16.) In accordance with this finding, the four points remained part of Movant's offense level calculation.

Movant's ineffective assistance of counsel claims challenge Counsel's objection strategy. Movant asserts that Counsel was ineffective for failing to argue that: (1) Movant's juvenile sentences were not the result of an adjudication of guilt; and (2) Movant's term of imprisonment was less than 60 days. (Dkt. No. 2, Mem. in Supp. of Mot. Vacate 6, 8.) Both of these claims are without merit.

Claims of ineffective assistance are analyzed under the two-prong standard enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984). First, the defendant must show that the counsel's performance fell below an objective standard of reasonableness. This requires a showing that the counsel made errors so serious that he was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that there is a reasonable probability that, but for the counsel's deficiency, the outcome of the proceedings would have been different. This requires a showing that the counsel's errors

were so serious as to deprive the defendant of a fair trial. Unless the defendant makes both showings, it cannot be said that the "conviction resulted from a breakdown in the adversary process that renders the result unreliable." *Strickland*, 466 U.S. at 694.

When evaluating the assistance of counsel, a court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689 (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also Howard v. Bouchard*, 405 F.3d 459, 481 (6th Cir. 2005) (citing *McQueen v. Scroggy*, 99 F.3d 1302, 1311 (6th Cir. 1996)). "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments . . . ." *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983). "For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every 'colorable' claim . . . would disserve the very goal of vigorous and effective advocacy." *Id.* at 754 (citing *Anders v. California*, 386 U.S. 738, 744 (1967)). This high degree of discretion makes trial counsel's decisions "particularly difficult to attack . . . ." *McQueen*, 99 F.3d at 1311 (citing *O'Hara v. Wigginton*, 24 F.3d 823, 828 (1994)).

**A. Adjudication of Guilt**

In Movant's first ineffective assistance of counsel claim, he argues that Counsel was ineffective for failing to raise the distinction between confinement resulting from an adjudication of guilt and confinement for other reasons. (Mem. in Supp. of Mot. Vacate 7.) Movant contends that his juvenile sentence was not the result of an adjudication of guilt and that he was inappropriately assigned four offense level points as a result. (*Id.*)

4

In support of his proposed strategy, Movant cites to two Ninth Circuit cases. (*Id*. at 6-7.) Counsel will not be found ineffective for failing to raise case law that is merely persuasive. Movant cites no Sixth Circuit case law in support of his argument. Movant's argument is creative and raises interesting policy issues. However, Counsel is not required to raise every colorable claim, *Jones*, 463 U.S. at 754, nor is Counsel expected to scour the case law of every non-binding circuit. Arguments contingent upon non-binding case law are rightfully classified as weaker legal arguments and winnowing out weaker arguments is fundamental to effective advocacy. *See id*. at 751-52. This Court finds Counsel's decision to focus on objections not reliant on non-binding case law objectively reasonable. Movant fails the first prong of the *Strickland* test.

**B. Sentence Duration**

In Movant's second ineffective assistance of counsel claim, he contends that he should only be assessed two offense level points because his juvenile sentence was not a confinement of at least 60 days. (Mem. in Supp. of Mot. Vacate 8.) Pursuant to USSG §4A1.2(d)(2)(A), two points are added for each "juvenile sentence to confinement of at least sixty days if the defendant was released from such confinement within five years of his commencement of the instant offense." However, only one point is added for juvenile sentences "imposed within five years of the defendant's commencement of the instant offense" if the sentence was less than 60 days. USSG §4A1.2(d)(2)(B).

Movant was incarcerated for 48 days and argues that such a duration is clearly below the minimum required to assess two points. (Mem. in Supp. of Mot. Vacate 8.) This

5

contention is without merit. "For the purposes of applying §4A1.1(a), (b), or (c) the length of a sentence of imprisonment is the stated maximum." USSG §4A1.2, comment. (n. 2). A maximum 60 day sentence was imposed upon Movant. (Presentence Rep. ¶¶ 31-32.) Actual incarceration below the maximum imposed sentence is irrelevant to determining the length of the sentence for sentencing guideline calculations. Counsel cannot be found to have performed ineffectively by failing to raise an issue that has no merit. *Mapes v. Coyle*, 171 F.3d 408, 427 (6th Cr. 1999).

**IV.**

Pursuant to 28 U.S.C. § 2253(c), the Court must also assess whether to issue a certificate of appealability to Movant. To warrant a grant of a certificate of appealability, Movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Sixth Circuit Court of Appeals has disapproved of the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Upon review of each claim, the Court does not believe that reasonable jurists would find its assessment of Movant's claims to be debatable or wrong. Accordingly, a certificate of appealability will also be denied as to each claim.

An order and judgment consistent with this opinion shall be entered.

Dated: <u>July 19, 2013</u>  /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE